IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


MELVIN PEREZ,

    Plaintiff,

v.                                                    CASE NO. 1:11-cv-180-MP-GRJ

MARTHA D. HUMPHRIES, et al.,

    Defendants

_____/


## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 1, Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C § 1983 ("complaint"), for screening pursuant to 28 U.S.C § 1915A, which provides that the Court may dismiss a case filed by a prisoner seeking redress from a governmental entity or officer at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  Plaintiff has paid the filing fee in full. (Doc. 4.)  For the reasons discussed below, it is **RECOMMENDED** that Plaintiff's due process and retaliatory disciplinary report claims against all defendants be **DISMISSED** for failure to state a claim upon which relief may be granted.  The undersigned concludes that the First Amendment retaliatory threat claims against Sgt. Simpson and Officer Winburn are sufficient to proceed.

### I. PLAINTIFF'S ALLEGATIONS

Plaintiff claims stem from an August 7, 2008 prison disciplinary conviction for refusing to work while he was incarcerated at Mayo C.I.  Plaintiff received 60 days of

disciplinary confinement as a result of his disciplinary conviction.  Plaintiff alleges that prison officials violated his First and Fourteenth Amendment rights by denying him due process in connection with the disciplinary hearing, issuing a retaliatory disciplinary report, and threatening him if he filed more grievances.  Plaintiff has named as defendants seven employees at Mayo C.I.  Although Plaintiff prefaces his statement of facts with a litany of perceived wrongs over the years by Mayo officials, his claims are related to the August 7, 2008 conviction.

Plaintiff alleges that on July 31, 2008 at 8:51 a.m., Sgt. Simpson yelled from the bottom floor of the wing where Plaintiff was housed: "If Lt. Land calls me one more time about a grievance you have filed against me, I'm getting you gassed!  There is 64 other people in here and you want to be the bitch and write everything up."  (Doc. 1.)  Approximately 15 minutes later, Sgt. Simpson came back to Plaintiff's cell door and told Plaintiff's cellmate that he would be moving him that day.  At 11 a.m., Sgt. Simpson came to Plaintiff's cell and asked why Plaintiff filed a grievance against him.  Plaintiff avers that he had filed a grievance against St. Simpson a few days prior regarding threats of reprisal disciplinary reports.  Plaintiff alleges that Sgt. Simpson then said:

> I am tired of Lt. Land calling down here about your grievances.  I hate you.  I have fifteen years left to retire and you are going to be back here for fifteen years.  I will do everything I can to f–k you.  You ain't shit, you have no rights and you are going to get more DR's.  I worked back here for four years and never had a problem and in the last four days I have been called about you f–k ass.  You will see I will write up the officer giving you the grievance forms.

At about 12:27 p.m., Sgt. Simpson pulled out two prisoners from the cell adjacent to Plaintiff's and at that time told another officer, "that is the f–k boy writing all those grievances" and they both came to Plaintiff's cell door and looked at Plaintiff.  At

1:35 p.m., Sgt. Simpson moved Plaintiff's cellmate to an adjacent cell.  At 1:40 p.m., Sgt. Simpson came to Plaintiff's cell door and told him he was going to take him outside to do work–to clean floor railings and doors with a toothbrush and Q-tips.  Sgt. Simpson walked away, saying "you'll get it tomorrow" and never came back to pull Plaintiff to clean.

The following day, August 1, 2008, Plaintiff said he was served with a DR for refusing to work written by Sgt. Simpson.  Plaintiff requested camera evidence, documentary evidence, witnesses, and that the DR hearing be recorded.  Plaintiff wrote a statement in his defense and gave it to Officer Winburn, who served him the DR.  Plaintiff alleges Officer Winburn then said: "I hope that when they gas you I get to pull the trigger for making me do all this work, because I have to get some relief from this!"

Plaintiff alleges that before the hearing, Sgt. Simpson "retaliated against several of Plaintiff's witnesses."  At the August 7, 2008 hearing on the DR, Plaintiff pleaded not guilty and made a verbal statement in his defense.  Plaintiff also presented several witness statements corroborating the alleged threats by Sgt. Simpson.

Plaintiff was convicted of the DR and sentenced to 60 days in disciplinary confinement.  He sought administrative remedies via the prison grievance process but was denied.  Plaintiff challenged the DR in state court, but it was denied on the merits on January 29, 2010.  Plaintiff also filed in state court an emergency motion for an ex parte injunction against Sgt. Simpson, but this was denied because the trial court found that an adequate remedy at law existed within the prison grievance procedure.

Plaintiff alleges that Lt. Land, Warden Humphries, Assistant Warden Mock, and grievance appeals employee Solano violated his rights by having a "hands off" attitude

*Case No: 1:11-cv-180-MP-GRJ*

about retaliatory DRs.  Plaintiff alleges that Officer Winburn and Captain Wimberley denied him due process in connection with his hearing in that they did not conduct a fair investigation and did not allow him to call live witnesses, tape record the hearing, or present camera evidence.  Plaintiff alleges that Sgt. Simpson threatened him in order to deter him from exercising his First Amendment right to file grievances and issued a retaliatory DR.  Plaintiff also alleges that Officer Winburn threatened him.

Plaintiff seeks nominal, compensatory and punitive damages; court costs and fees relating to bringing the instant action; a declaratory judgment that inmates have the right to tape record DR hearings, be provided with all relevant documents prior to hearing, and call live witnesses; and an injunction to enforce the declaratory judgment. (Doc. 1.)

## II.  STANDARD OF REVIEW

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory

allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

### III.  DISCUSSION

**A.  Due Process Claims**

In *Sandin v. Connor*, 515 U.S. 472, 484 (1995), the Supreme Court recognized only two instances in which a prisoner may claim a constitutionally protected liberty interest which implicates constitutional due process concerns: (1) when actions of prison officials have the effect of altering the inmate's term of imprisonment, and (2) where a prison restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  When a constitutionally protected liberty interest is implicated, the inmate is entitled to: (1) written notice of the charges brought against him at least twenty-four hours before the hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement of the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539 564-66 (1974).   The factfinder's decision need only be supported by "some evidence."  *Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 455-56 (1985).

Plaintiff's placement in disciplinary confinement for 60 days is not sufficient to trigger constitutional due process protections.  *See Sandin*, 515 U.S. at 486 (thirty-day placement in disciplinary confinement was not atypical or significant enough to trigger

due process protection). Plaintiff does not have a liberty interest in being free from disciplinary confinement. Accordingly, he has failed to state a claim for a violation of his due process rights in connection with his disciplinary proceedings.

However, even if Plaintiff was entitled to due process protections set forth in *Wolff*, based on the facts alleged in his complaint he was afforded adequate due process. Plaintiff's claim that he has an absolute "right to call [live] witnesses at the haring, right to live prisoner testimony, right to a tape recorder during the hearing and to have the evidence he previously requested [camera footage] requested at the hearing" is without merit. He received notice of the charges and a hearing where he presented his own statement as well as written statements of other witnesses and nowhere in Plaintiff's detailed complaint does he make any allegation that he did not receive a written statement of the factfinder. There need only be "some evidence" to support the administrative finding against him, and in this case it appears that Sgt. Simpson's statement was at least part of the evidence considered at the disciplinary hearing. Notwithstanding the fact that a liberty interest was not implicated in Plaintiff's hearing, the requirements of due process were satisfied. There is no indication that the disciplinary team's findings were without support or otherwise arbitrary. Accordingly, Plaintiff fails to state a claim for a due process violation.

**B.  Retaliation/False Disciplinary Report Claims**

Plaintiff alleges that Sgt. Simpson issued a false DR in reprisal for Plaintiff's previous grievances. Plaintiff alleges that Lt. Land, Warden Humphries, Assistant Warden Mock, and grievance appeals employee Solano had a "hands off" attitude regarding false disciplinary reports and therefore also violated his civil rights.

*Case No: 1:11-cv-180-MP-GRJ*

Federal courts do not operate as appellate courts for prison disciplinary actions. "[A]n inmate cannot state a claim of retaliation for a disciplinary charge involving a prison rule infraction when the inmate was found guilty of the actual behavior underlying the charge after being afforded adequate due process." *O'Bryant v. Finch,* 637 F. 2d 1207, 1215 (11th Cir. 2011). For the reasons discussed above, even though Plaintiff's disciplinary confinement punishment was not sufficient to trigger constitutional due process protections, he was still afforded adequate due process. Accordingly, under the law of the Eleventh Circuit, he cannot state a claim of retaliation for the DR.

## IV.  CONCLUSION

For the foregoing reasons, the Court concludes that the complaint fails to state a claim for due process violations because Plaintiff's placement in disciplinary confinement for 60 days was not sufficient to trigger constitutional due process protections. Plaintiff has failed to state a claim of retaliation regarding the allegedly false disciplinary report because he was actually afforded adequate due process in the underlying hearing.

However, the First Amendment claims in the complaint as to retaliatory threats by Sgt. Simpson and Officer Winburn are deemed sufficient to proceed.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.  The claims against Defendants Humphries, Mock, Wimberley, Land, and Solano should be dismissed pursuant to 28 U.S.C § 1915A for failure to state a claim upon which relief may be granted;

2.  The due process and retaliatory disciplinary report claims against Sgt. Simpson, as well as the due process claims against Officer Winburn should be

*Case No: 1:11-cv-180-MP-GRJ*

dismissed pursuant to 28 U.S.C § 1915A for failure to state a claim upon which relief may be granted.

      **IN CHAMBERS** this 6th day of December 2011.

                  *s/ Gary R. Jones*
                  GARY R. JONES
                  United States Magistrate Judge

**NOTICE TO THE PARTIES**

      **A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**